UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
2013 MAY 15  P 3: 32

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSHUA ROBERTS<br><br>*Plaintiff*<br><br>v.<br><br>CITY OF PAWTUCKET by and through JOANNA L'HEUREUX in her official capacity as Finance Director, MARIO COMELLA, in his individual and official capacity as a Pawtucket Police Officer, BRIAN BEECH, in his individual and official capacity as a Pawtucket Police Officer, JARED. BOUDREAULT, in his individual and official capacity as a Pawtucket Police Officer, WILLIAM P. BRIGGS, in his individual and official capacity as a Pawtucket Police Officer, JOSEPH ALTONGY, in his individual and official capacity as a Pawtucket Police Officer, ERIC J. BUCKA, in his individual and official capacity as a Pawtucket Police Officer, KENNETH B. DOLAN, in his individual and official capacity as a Pawtucket Police Officer, and RYAN HEISE in his individual and official capacity as a Pawtucket Police Officer, JOHN DOES 1-5 in their individual and official capacities as Pawtucket Police Officers<br><br>*Defendants* | C.A. No. 13-351-S |

# FIRST AMENDED COMPLAINT

## I. INTRODUCTION

1. This action is brought by the Plaintiff Joshua Roberts seeking relief for injuries suffered as a result of acts and/or omissions committed by Defendants in violation

of the Fourth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983, Article I, §6 of the Rhode Island Constitution and common law.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 (federal question) and § 1343(3) (civil rights). The state law claims are within the Court's power of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## III. PARTIES

3. Plaintiff Joshua Roberts (hereinafter Plaintiff or Roberts) is a resident of the City of Pawtucket, County of Providence, State of Rhode Island.

4. Defendant City of Pawtucket by a municipality located in the State of Rhode Island and is being sued by and through Joanna L'Heureux in her official capacity as Finance Director for the City of Pawtucket (hereinafter referred to as the "City").

5. Defendant Mario Comella, is being sued in his individual and official capacity as a Pawtucket Police Officer who at all times relevant to this action was duly appointed and an acting Pawtucket Police Officer employed by the City and an authorized agent of the City authorized to enforce the laws of the State of Rhode Island and the City of Pawtucket and was acting under color of law and in the course and scope of his duties as a Pawtucket Police Officer at all times relevant to this action.

6. Defendant Brian Beech, is being sued in his individual and official capacity as a Pawtucket Police Officer who at all times relevant to this action was duly appointed and an acting Pawtucket Police Officer employed by the City and an

authorized agent of the City authorized to enforce the laws of the State of Rhode Island and the City of Pawtucket and was acting under color of law and in the course and scope of his duties as a Pawtucket Police Officer at all times relevant to this action.

7. Defendant Jared D. Boudreault, is being sued in his individual and official capacity as a Pawtucket Police Officer who at all times relevant to this action was duly appointed and an acting Pawtucket Police Officer employed by the City and an authorized agent of the City authorized to enforce the laws of the State of Rhode Island and the City of Pawtucket and was acting under color of law and in the course and scope of his duties as a Pawtucket Police Officer at all times relevant to this action.

8. Defendant William P. Briggs, is being sued in his individual and official capacity as a Pawtucket Police Officer who at all times relevant to this action was duly appointed and an acting Pawtucket Police Officer employed by the City and an authorized agent of the City authorized to enforce the laws of the State of Rhode Island and the City of Pawtucket and was acting under color of law and in the course and scope of his duties as a Pawtucket Police Officer at all times relevant to this action.

9. Defendant Joseph Altongy, is being sued in his individual and official capacity as a Pawtucket Police Officer who at all times relevant to this action was duly appointed and an acting Pawtucket Police Officer employed by the City and an authorized agent of the City authorized to enforce the laws of the State of Rhode Island and the City of Pawtucket and was acting under color of law and in the

course and scope of his duties as a Pawtucket Police Officer at all times relevant to this action.

10. Defendant Eric J. Bucka, is being sued in his individual and official capacity as a Pawtucket Police Officer who at all times relevant to this action was duly appointed and an acting Pawtucket Police Officer employed by the City and an authorized agent of the City authorized to enforce the laws of the State of Rhode Island and the City of Pawtucket and was acting under color of law and in the course and scope of his duties as a Pawtucket Police Officer at all times relevant to this action.

11. Defendant Kenneth B. Dolan, is being sued in his individual and official capacity as a Pawtucket Police Officer who at all times relevant to this action was duly appointed and an acting Pawtucket Police Officer employed by the City and an authorized agent of the City authorized to enforce the laws of the State of Rhode Island and the City of Pawtucket and was acting under color of law and in the course and scope of his duties as a Pawtucket Police Officer at all times relevant to this action.

12. Defendant Ryan Heise, is being sued in his individual and official capacity as a Pawtucket Police Officer who at all times relevant to this action was duly appointed and an acting Pawtucket Police Officer employed by the City and an authorized agent of the City authorized to enforce the laws of the State of Rhode Island and the City of Pawtucket and was acting under color of law and in the course and scope of his duties as a Pawtucket Police Officer at all times relevant to this action.

13. Defendants Mario Comella, Brian Beech, Jared D. Boudreault, William P. Briggs, Joseph Altongy, Eric J. Bucka, Kenneth B. Dolan and Ryan Heise are hereinafter collectively referred to as the "Officers."

14. Defendants John Does 1-5 are police officers whose identities are presently unknown and are being sued in their individual and official capacities as Pawtucket Police Officers who at all time relevant to this action were duly appointed and acting Pawtucket Police Officers employed by the City and authorized agents of the City authorized to enforce the laws of the State of Rhode Island and the City of Pawtucket and acting under color of law and in the course and scope of their duties as Pawtucket Police Officers at all time relevant to this action.

## IV. CAUSES OF ACTION

### COUNT I
### (42 U.S.C. § 1983)

15. Paragraphs 1-14 are incorporated herein by reference as if fully set forth herein.

16. On or about May 16, 2010 Roberts was arrested by the Officers and John Does 1-5.

17. During the arrest the Officers and John Does 1-5 used physical force which was clearly excessive in light of the circumstances existing at the time of the arrest.

18. The Officers and John Does 1-5 used excessive force with the intent to inflict unnecessary harm upon Roberts and such use of force caused physical and mental injuries to Roberts.

19. The Officers and John Does 1-5 were acting under color of state law and deprived Roberts of his constitutional rights pursuant to the Fourth and Fourteen

Amendments to the U.S. Constitution and Article I, §6 of the Rhode Island Constitution by seizing and subjecting Roberts to excessive force.

20. Roberts further alleges that the violation of his constitutional rights was caused by the implementation of a custom, policy or official act of the City.

21. The actions of the Officers and John Does 1-5 were motivated by malice or ill will or were reckless or made with callous indifference to the constitutionally protected rights of Roberts.

22. As a direct result of the wrongful and willful acts of the Officers and John Does 1-5, Roberts suffered severe and permanent personal injuries as a result of the vicious attack by the Officers and John Does 1-5.

23. In addition, Roberts suffered humiliation and emotional distress as a consequence of being arrested by the Officers and John Does 1-5 with the use of excessive force.

**COUNT TWO**
(Negligence)

24. Paragraphs 1-23 are incorporated herein by reference as if fully set forth herein.

25. That Defendants the Officers and John Does 1-5 by their individual and concerted acts and/or omissions acting within the course and scope of their duties as police officers for the City, including, but not limited to, those described herein, failed or refused to exercise reasonable care to avoid inflicting reasonably foreseeable harm to the Plaintiff, causing the Plaintiff to suffer damages as aforesaid.

**COUNT III**
(Assault and Battery)

26. Paragraphs 1-25 are incorporated herein by reference as if fully set forth herein.

27. That Defendants the Officers and John Does 1-5 by their individual and concerted acts and/or omissions acting within the course and scope of their duties as police officers for the City including, but not limited to, those described herein, did commit acts of a threatening nature towards the Plaintiff, causing the Plaintiff to reasonably fear imminent bodily harm, thereby committing an assault, causing the Plaintiff to suffer damages as aforesaid.

28. That Defendants the Officers and John Does 1-5 by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, did intentionally cause offensive contact with and unconsented touching of the Plaintiff as well as trauma upon the body of the Plaintiff, thereby committing a battery, causing the Plaintiff to suffer damages as aforesaid.

WHEREFORE, Plaintiff Joshua Roberts requests that the Court provide the following relief:

A.   Enter a Declaration declaring that Defendants violated the constitutional rights as guaranteed by the Fourth and Fourteenth Amendments to the US Constitution and Article I, §6 of the Rhode Island Constitution.

B.   Issue a Permanent Injunction against the Officers, John Does 1-5 and the City prohibiting, restraining and enjoining them from harassing Roberts.

C.   Award Roberts his compensatory damages against all Defendants and award punitive damages as against the Officers and John Does 1-5.

D.   Award Roberts his costs, including a reasonable attorney's fee pursuant to 42 USC § 1988.

E.   Award such further relief as this Court deems fair and just.

## DEMAND FOR JURY TRIAL

Plaintiff JOSHUA ROBERTS hereby demands a trial by jury on all counts so triable and designates Mark A. Fay as Trial Counsel.

                                                Plaintiff Joshua Roberts
                                                By his Attorney,

                                                _/s/ Mark A. Fay_
                                                Mark A. Fay, Esquire #4208
                                                Murphy & Fay, LLP
                                                127 Dorrance Street, 2nd Floor
                                                Providence, RI  02903
                                                (401) 490-3200
                                                (401) 490-3207 FAX
                                                mark@murphyandfay.com

Dated:  May 15, 2013