| | |
|---|---|
| JOSHUA ROBERTS,<br><br>      *Plaintiffs,*<br><br>vs.<br><br>CITY OF PAWTUCKET by and through JOANNA L'HEUREUX in her official capacity as Finance Director, MARIO COMELLA, in his individual and official capacity as a Pawtucket Police Officer, BRIAN BEECH, in his individual and official capacity as a Pawtucket Police Officer, JARED BOUDREAULT, in his individual and official capacity as a Pawtucket Police Officer, WILLIAM P. BRIGGS, in his individual and official capacity as a Pawtucket Police Officer, JOSEPH ALTONGY, in his individual and official capacity as a Pawtucket Police Officer, ERIC J. BUCKA, in his individual and official capacity as a Pawtucket Police Officer, KENNETH B. DOLAN, in his individual and official capacity as a Pawtucket Police Officer, and RYAN HEISE, in his individual and official capacity as a Pawtucket Police Officer, JOHN DOES 1-5 in their individual and official capacities as Pawtucket Police Officers,<br><br>      *Defendants,* | C.A. No. 13-351-S |

## ANSWER ON BEHALF OF DEFENDANTS CITY OF PAWTUCKET BY AND THROUGH JOANNA L'HEUREUX IN HER OFFICIAL CAPACITY AS FINANCE DIRECTOR, MARIO COMELLA, BRIAN BEECH, JARED BOUDREAULT, WILLIAM P. BRIGGS, JOSEPH ALTONGY, ERIC J. BUCKA, KENNETH B. DOLAN AND RYAN HEISE TO THE PLAINTIFF'S FIRST AMENDED COMPLAINT

Now comes defendants City of Pawtucket, by and through Joanna L'Heureux in her official capacity as Finance Director, Mario Comella, Brian Beech, Jared Boudreault, William P. Briggs, Joseph Altongy, Eric J. Bucka, Kenneth B. Dolan and Ryan Heise, and hereby answer the plaintiff's complaint as follows:

1. These defendants deny the allegations contained in Paragraph No. 1 of that portion of the plaintiff's complaint entitled "Introduction".
2. These defendants admit the allegations contained in Paragraph No. 2 of that portion of the plaintiff's complaint entitled "Jurisdiction'.
3. These defendants make no response to the allegations contained in Paragraph No. 3 of that portion of the plaintiff's complaint entitled "Parties" to the extent that they contain no allegations against these defendants and these defendants lack sufficient knowledge or information. To the extent that an answer is required these defendants deny the allegations contained in Paragraphs No. 3.
4. These defendants admit the allegations contained in Paragraph No. 4 of that portion of the Plaintiff's complaint entitled "Parties".
5. These defendants admit the allegations contained in Paragraph Nos. 5, 6, 7, 8, 9, 10, 11 & 12 of that portion of the plaintiff's complaint entitled "Parties" only to the extent that at all times relevant to this action, Defendants Comella, Beech, Boudreault, Briggs, Altongy, Bucka, Dolan and Heise were duly appointed and acting Pawtucket Police Officers employed by the City and authorized agents of the City authorized to enforce the laws of the State of Rhode Island and the City of Pawtucket and were acting under color of law and in the course of scope of their duties as Pawtucket Police Officers. These defendants deny and contest suit being individually brought against Defendants Comella, Beech, Boudreault, Briggs, Altongy, Bucka, Dolan and Heise.
6. These defendants admit the allegations contained in Paragraph No. 13 of that portion of the plaintiff's complaint entitled "Parties" only to the extent that they agree that

Defendants Comella, Beech, Boudreault, Briggs, Altongy, Bucka, Dolan and Heise are collectively referred to as the "Officers" in the First Amended Complaint.

7. These defendants make no response to the allegations contained in Paragraph No. 14 of that portion of the plaintiff's complaint entitled "Parties" to the extent that they contain no allegations against these defendants and these defendants lack sufficient knowledge or information. To the extent that an answer is required these defendants deny the allegations contained in Paragraph No. 14.

8. These defendants deny the allegations contained in Paragraphs Nos. 15, 16, 17, 18, 19, 20, 21, 22 & 23 of that portion of the plaintiff's complaint entitled "Count I (42 U.S.C. 1983)".

9. These defendants deny the allegations contained in Paragraphs Nos. 24 & 25 of that portion of the plaintiff's complaint entitled "Count Two (Negligence)".

10. These defendants deny the allegations contained in Paragraphs Nos. 26, 27 & 28 of that portion of the plaintiff's complaint entitled "Count III (Assault and Battery)."

11. These defendants deny any and all allegations contained in Paragraphs A, B, C, D and E of the plaintiff's complaint.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

These defendants plead absolute and qualified immunity as a bar to the within complaint.

### **SECOND AFFIRMATIVE DEFENSE**

These defendants plead all forms of statutory and common law immunity as a bar to the within complaint.

### THIRD AFFIRMATIVE DEFENSE

These defendants plead the public duty doctrine as a bar to the within complaint.

### FOURTH AFFIRMATIVE DEFENSE

These defendants plead the statutory cap on damages as a bar and restriction on the amount of damages recoverable in this matter.

### FIFTH AFFIRMATIVE DEFENSE

These defendants object to and contest to suit being brought in the individual capacities of defendants Mario Comella, Brian Beech, Jared Boudreault, William P. Briggs, Joseph Alstongy, Eric J. Bucka, Kenneth B. Dolan, and Ryan Heise.

### SIXTH AFFIRMATIVE DEFENSE

The decedent's injuries were caused by his own conduct for which these defendants are not responsible.

### SEVENTH AFFIRMATIVE DEFENSE

These defendants plead that the plaintiff's injuries were caused or contributed to by other persons, firms and corporations for which this defendant is not responsible.

**These defendants demand trial by jury.**

        Defendants,
        By their Attorneys,

        */s/ Marc DeSisto*
        Marc DeSisto, Esquire (#2757)
        DESISTO LAW
        211 Angell Street
        Providence, RI 02906
        Tel: (401) 272-4442
        Fax: (401) 272-9937
        Email: marc@desistolaw.com

CERTIFICATION OF SERVICE

    I hereby certify that the within document has been electronically filed with the Court on the 3rd day of September, 2013, that it is available for viewing and downloading from the ECF system, and that the counsel of record listed below will receive notice via the ECF system:

Mark A. Fay, Esq. #4208

                                        */s/ Marc DeSisto*